FOURTH DISTRICT—OCTOBER, 1913.     567

Petton v. Consolidated Coal Co. of St. Louis, 183 Ill. App. 567.

## Fred Petton by Edward Petton, Appellee, v. Consolidated Coal Company of St. Louis, Appellant.

1. MINES AND MINERALS, § 91*—*when side of hauling road must be kept clear.* Three years before the time of injury to a mule driver a fall of rock and coal occurred in a mine and a temporary track deviating from its former course was built around the pull, so close that there was barely room for a person to pass between a car and the side of an entry, and the defective condition was known to the mine manager. By reason of a deaf mule, the deafness of which was unknown to plaintiff, failing to obey an order at a point of depression, plaintiff was thrown from a car and was injured because of insufficient space on the side of the track. *Held,* a wilful violation of the Mining Act of 1911, § 15, par. E, J. & A. ¶ 7489, requiring one side of hauling roads to be kept clear, was established.

2. MINES AND MINERALS, § 153*—*when evidence as to fall of rock is admissible.* Where a mule driver is thrown from a car by a deaf mule not obeying an order on passing a depression in a track detouring around a fall and there is evidence that there was a pile of rock and dirt at the place in question, a question "where was the place you fell with reference to that pile of rock and dirt that had fallen there?" is not objectionable, since it is immaterial whether it had fallen there or been deposited by other means.

3. MINES AND MINERALS, § 194*—*when instruction ignoring statutory count may be refused.* Where an action by a mule driver is based upon counts setting up a violation of common law duties and of the Mining Act of 1911, § 15, par. E, J. & A. ¶ 7489, defendant's instructions directory in form, purporting to cover the entire case but ignoring the statutory count, are properly refused.

Appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913. *Certiorari* denied by Supreme Court (making opinion final).

WISE, KEEFE & WHEELER, for appellant; MASTIN & SHERLOCK, of counsel.

W. S. LOUDEN and BARTHEL, FARMER & KLINGEL, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Fred Petton, a minor, twenty years of age, by Ed-

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

ward Petton, his father and next friend, brought this suit against the Consolidated Coal Company of St. Louis, appellant here, to recover damages for injuries received by him while working in the latter's mine at Breese, Illinois.

The first three of the four counts of the declaration contained substantially the same charges of negligence against appellant. They allege that on December 19, 1911, appellee was employed as a mule driver in appellant's mine; that there was a certain entry in said mine known as the fifth west and that in the course of said entry there was a sharp decline or grade which had the effect of causing loaded cars of coal, being hauled over the same, to run faster than when on the level; that there had been a fall of coal and other debris in said entry around which a track had been built, making a sharp curve at such point, and where such curve existed there was a depression, all of which made it dangerous for loaded cars of coal to pass over the same and caused cars being hauled over said point to jerk and knock; that at the time above named, appellee was directed by the assistant mine manager, who had charge of the working men in said mine, to take a mule called "Dummy" and go in said fifth west entry and collect loaded cars of coal from the various rooms and haul them to a parting located therein; that appellee was not acquainted with the conditions in said entry and had never worked in the same prior thereto, which appellant well knew; that the mule furnished him was deaf, which fact was known to appellant but unknown to appellee; that while hauling two loaded cars, the mule stopped suddenly at the depression in said track in said curve; that appellee was riding on the tail chain, as he was required to do; that appellee called to the mule to go on but that the mule by reason of his deafness did not hear and stood still permitting said cars, which were moving forward by force of gravity with accelerated speed and with irregular movements and with jerking of the cars, to run upon

it, throwing appellee in front of the car and against the mule, thereby causing the mule to start when appellee was on the ground in front of the car, pulling said car over upon appellee, crushing and injuring him.

The fourth count was based upon the statute (J. & A. ¶¶ 7475 *et seq.*) and in addition to setting up the facts leading to the injury alleged that said entry and track was one of the hauling roads in said mine; that one side of said hauling road at a point about the middle of said curve at the time in question and for twelve hours preceding the morning of said day, "was not kept clear of refuse or material for a space of two and a half feet from either side of the rail on said hauling road;" that appellee when thrown from the tail chain in front of the car was unable to escape because there was no space of two and a half feet on one side of the rail of said hauling road at said point clear of refuse and materials and was therefore caught and crushed by the car; that the injury to him was the direct result of the wilful failure of appellant "to have one side of said hauling road at said point of injury kept clear of refuse and materials for the space of two and a half feet outside the rails of said road."

The trial resulted in a verdict and judgment in favor of appellee for three thousand dollars, and the Coal Company brings the record here for review, complaining that the evidence failed to support the verdict; that the court ruled improperly upon the evidence and erred in refusing to give two of its instructions.

It appeared from the proofs that about three years before appellee was injured there was a fall of rock and coal from the roof of the entry where the injury occurred and a temporary track was built around it. This track deviated some seven or eight feet from its former course and ran along close to the side of the entry. On one side the rock and debris from the fall came up close to the track and on the other side there was barely room for an ordinary person to squeeze

through between a car and the side of the entry, the clear space being not more than a foot and a half as shown by appellee's proof. The track around the fall was about thirty feet long and in the middle of this detour there was a depression in the track' so that loaded cars would of their own weight run down to the end of the depression. Appellee was set at work hauling coal in this entry on the morning of the injury. He had never' hauled in this entry before and was given a mule called "Dummy" that he had never used before and did not know of. After he had hauled two trips with the mule he started with the third, hauling two loaded cars. He was riding in the usual manner with one foot on the tail chain, the other near the spreader, with one hand on the car and the other on the mule. Just as the mule reached the low place in the track around the fall he stopped. Appellee called to him to "get up" but the mule did not move. Appellee was unable to hold the loaded cars back as they were coming down the incline, bumping and jerking and as they came nearer the tail chain slackened, the car ran up to the mule, which started suddenly, jerking the chain up and throwing appellee down on the track with his back towards the car, which ran upon him and severely injured him. There was evidence to show that the mule was deaf and paid no attention when spoken to. Appellee testified that he was unable to get from between the mule and the car, because there was not sufficient space on either side of the track. It was also shown by the proofs that on account of the defective condition of the track at the point in question, cars were frequently thrown from the track and complaint had been made to the mine manager of this condition of affairs.

We are inclined to the opinion that the proofs in the case were sufficient to entitle appellee to recover under the first three or common law counts of the declaration, but even if such were not the case we are satisfied that appellee established his right to recover

under the fourth or statutory count of the declaration. That count was based on paragraph E, section 15 of the Act of 1911 in relation to Mines and Mining (J. & A. ¶ 7489), which provides that "one side of all haulage roads shall be kept clear of refuse or materials, except timbering, unless the rib or timbering on such side shall be 2½ feet or more from the rail, but in such case materials or refuse shall not be permitted within 2½ feet of the rail." The evidence showed a violation of this law under such conditions and for such length of time as to render the violation wilful under the statute. According to appellee's testimony, which is the only direct testimony upon the subject, the failure of appellant to comply with this statute prevented his escape from his dangerous position and was therefore the proximate cause of his injury.

Appellant complains because counsel for appellee, over his objection, was permitted to ask "where was the place you fell with reference to that pile of rock and dirt that had fallen there?" The objection made by appellant to this question was that there was no evidence that any rock, particularly dirt, had fallen there. There was evidence that there was a pile of rock or rock and dirt at the place in question and it was immaterial whether it had fallen there or been so deposited by other means. The object of the question was to determine the location of the place where appellee fell with reference to the pile of debris, and we do not think the question, as asked, subject to serious criticism. Other objections made to the admission of evidence for appellee appear to us to be even less tenable than the one above referred to. The only question raised by appellant in regard to the instructions is the refusal of the court to give its first and third instructions. Both of these instructions purported to cover the entire case and stated conditions under which it would be the duty of the jury to find appellant not guilty, but the vice of the instructions was that they wholly ignored the fourth count of the

declaration, under which we have held appellee was entitled to recover, and were therefore properly refused.

The judgment of the court below will be affirmed.

*Affirmed.*